IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Justin Jamal Lewis, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 8:24-2266-BHH |
| v. ) | |
| ) | **ORDER** |
| Warden Nance, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner Justin Jamal Lewis's ("Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On May 16, 2024, Magistrate Judge Bristow Marchant filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action without prejudice and without requiring Respondent to file an answer or return based Petitioner's failure to exhaust his state court remedies. (ECF No. 8.) Petitioner filed objections to the Magistrate Judge's Report as well as a motion for default judgment as to Respondent. (ECF Nos. 10, 14.) For the reasons set forth herein, the Court overrules Petitioner's objections and adopts the Magistrate Judge's Report.

**STANDARD OF REVIEW**

This Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered and may accept, reject, or modify, in whole or in

---

[1] Petitioner submitted this action on a standard form petition under 28 U.S.C. § 2241, but because he is an inmate in state custody (presently confined at Tyger River Correctional Institution) challenging his conviction and sentence, his petition is properly construed as seeing relief pursuant to 28 U.S.C. § 2254.

part, the recommendations contained in that Report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portion(s) of the Report to which the objection is made and the basis for the objection. *Id.*

## **DISCUSSION**

As the Magistrate Judge properly explained, before presenting a claim in federal court, a § 2254 petitioner must exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Gordon v. Braxton*, 780 F.3d 196, 200 (4th Cir. 2015); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997). The applicable statute provides the following:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)   (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

"A habeas petitioner meets the exhaustion requirement by fairly presenting his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim." *Braxton*, 780 F.3d at 201 (alterations and internal quotation marks omitted). "To satisfy his burden, the petitioner must show that both the operative facts and the controlling legal principles were presented to the state court." *Id.* (alterations and internal quotation marks omitted).

Here, the Magistrate Judge explained that although Petitioner did not file a direct appeal of his conviction and sentence, he did file a post-conviction relief application in the

Florence County Court of Common Pleas on February 28, 2019, which remains pending. *See Lewis v. State*, No. 2019-cp-21-00580, available at the Florence County Twelfth Judicial Circuit Public Index, https://publicindex.sccourts.org/Florence/PublicIndex/PISearch.aspx (search by case number 2019cp2100580) (last visited January 14, 2025). As outlined by the Magistrate Judge:

> Petitioner was appointed counsel to represent him. *Id.* The PCR Court denied the PCR application and dismissed the action with prejudice. *Id.* An Order of dismissal was entered on June 19, 2020. *Id.* Petitioner, still represented by counsel, filed a notice of appeal on July 17, 2020. *Id.* On June 14, 2023, the South Carolina Supreme Court reversed in part and remanded the PCR application. *See Lewis v. State*, No. 2020-000998 (S.C. June 14, 2023), available at https://ctrack.sccourts.org/public/caseSearch.do (search by case number "2020-000998") (last visited May 2, 2024). The South Carolina Supreme Court explained:
>
>> We reverse the PCR court's order in part and remand for a hearing on [Petitioner's] claims that pretrial counsel failed to adequately investigate the criminal charge, failed to communicate with material witnesses whose testimony would have allegedly been favorable to the defense, failed to advise him of the right to appeal, failed to provide the necessary information for filing a notice of appeal, and failed to file a notice of appeal on his behalf. We express no opinion on the merits of these claims.
>
> *Id.* A remittitur was issued on June 30, 2023, and entered on the PCR Court docket on July 3, 2023. The PCR action remains pending.

(ECF No. 8 at 7.) Because Petitioner's PCR action remains pending, the Magistrate Judge found that Petitioner cannot demonstrate exhaustion of his state remedies as required by the federal habeas corpus statute. (*Id.*) As of January 14, 2025, Petitioner's PCR action still remains pending.

In his objections to the Magistrate Judge's Report, Petitioner asserts that his case "is not of the 'ordinary' stature" and that "there are facts which support circumventing the

3

state remedy process due to the state's failure to uphold the petitioner's constitutional right . . . ."  (ECF No. 10 at 1-2.)  Petitioner then argues that he attempted to have his PCR counsel relieved for his failure to communicate with him and he repeats his claims regarding alleged constitutional violations.

After careful *de novo* review, however, the Court finds Petitioner's objections unavailing.  Here, Petitioner has not shown that there is no available state corrective process, or that the circumstances warrant a finding that the state process is ineffective to protect Petitioner's rights.  In other words, the Court finds that Petitioner has not shown any inordinate or unjustifiable delay in the state court process to excuse him from the statutory exhaustion requirement.  Accordingly, the Court overrules Petitioner's objections and adopts the Magistrate Judge's Report, thereby summarily dismissing this petitioner without prejudice based on Petitioner's failure to exhaust his state remedies as required by 28 U.S.C. § 2254(b)(1).

## **CONCLUSION**

Based on the foregoing, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 8); the Court overrules Petitioner's objections (ECF No. 10); and the Court dismisses this action without prejudice and without requiring Respondent to file a return..

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
United States District Judge

January 14, 2025  
Charleston, South Carolina

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.